UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-14188-CIV-MARTINEZ/MAYNARD

DAVID POSCHMANN,

    Plaintiff,

v.

DIAMONDHEAD BEACH RESORT, LLC

    Defendant.
_____/

### **PLAINTIFF'S MOTION TO ENFORCE FIRST-TO-FILE RULE**

Plaintiff, David Poschmann, by and through his undersigned counsel, pursuant to S.D. Fla. L.R. 7.1, files this Motion, seeking to dismiss or stay a subsequently filed action seeking identical relief as this action and states as follows:

### **BACKGROUND**

This is an action for injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"). Plaintiff seeks an injunction compelling Defendant, the owner and operator of the Diamondhead Beach Resort ("Hotel"), to modify its policies, practices or procedures so that the online reservation system it operates for the Hotel is compliant with the requirements of the ADA, specifically the requirements set forth in 28 CFR § 36.302 "Modifications in Policies, Practices, or Procedures".[1] Plaintiff, a resident of Port St. Lucie, Florida, accessed the non-compliant website at issue from his home and filed suit in this,

---

[1] This matter does not seek remediation of architectural barriers, nor does it pertain to the accessibility of the website (a claim usually brought by blind or deaf plaintiffs). This matter deals with the substantive policies, practices or procedures that a reservation system (relating to reservations made by "any means") used by a hotel (or other place of lodging) must comply with pursuant to 28 CFR § 36.302(e), "Reservations Made by Places of Lodging". These requirements relate to disclosing details about the accessible and inaccessible features of the Hotel and guest rooms, how the disabled must be permitted to make reservations for accessible guest rooms, how the Hotel must make accessible guest rooms available to be reserved, and the procedures it must follow once the accessible guest room is reserved.

his home district (see *Brooke v. Regency Inn*, Case No. 2:17-CV-2115-HRH, at *5-6 (S.D. Cal. September 18, 2017) citing to *Capital Corp Merchant Banking v. Corp. Colocation, Inc.*, Case No. 6:07-CV-1626-Orl-19KRS,2008 WL 4058014, at *3 (M.D. Fla. 2008), "The alleged injury, plaintiff's inability to book an ADA-accessible room on defendant's website, took place in Arizona, not in California. Moreover, in cases involving 'non-physical torts, courts generally hold that venue under section 1391(a)(2) is proper in the district where the injured party resides…'...Because the alleged injury took place in Arizona and because plaintiff resides in Arizona, venue is proper in Arizona.").

This action was filed on May 24, 2018. Subsequent to the filing of this action, on June 1, 2018, an action entitled *Patricia Kennedy v. Diamond Head Beach Resort*, Case No. 2:18-CV-00379-UA-MRM was filed in the Middle District of Florida (the "Second-Filed Action"). A true and correct copy of the Second-Filed Action is attached hereto as Exhibit "A". The Second-Filed Action seeks identical relief as this action, i.e. Defendant's compliance with 28 CFR § 36.302(e).

On June 4, 2018, "In accordance with Local Rule 1.04(d)" of the Middle District of Florida, plaintiff's counsel in the Second-Filed Action filed a "Notice of Pendency of Other Actions" stating that the Second-Filed Action "IS NOT related to pending or closed civil or criminal case(s) previously filed in this Court, or any other Federal or State court or administrative agency." In light of this previously filed action, the Notice was untrue. A true and correct copy of the Notice of Pendency of Other Actions is attached hereto as Exhibit "B".

On June 5, 2018, Plaintiff's counsel in this action sent an e-mail to counsel in the Second-Filed Action, Philip Michael Cullen, III, Esq. explaining that this action, seeking the same relief, was previously filed, referencing the untrue Notice of Pendency of Other Actions, and based on what appeared to be an error or confusion on the part of counsel in the Second-Filed Action, the

Second-Filed Action should be dismissed. Mr. Cullen responded by, inter alia, stating that he would be proceeding with his case.

Mr. Cullen, on June 6, 2018, filed an Amended Notice of Pendency of Other Actions in the Second-Filed Action, acknowledging this action as a previously filed related action, however, Mr. Cullen did not dismiss the Second-Filed Action. A true and correct copy of the Amended Notice of Pendency of Other Actions is attached hereto as Exhibit "C".

## THE FIRST-TO-FILE RULE

As stated in *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005):

"Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule. *See, e.g., United States Fire Ins. Co. v. Goodyear Tire & Rubber Co.,* 920 F.2d 487, 488 (8th Cir.1990) (describing the first-filed rule as "well-established"); *Church of Scientology of Cal. v. United States Dep't of Defense,* 611 F.2d 738, 750 (9th Cir.1979) (noting that the first-filed rule "should not be disregarded lightly"). We are no exception. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,* 675 F.2d 1169, 1174 (11th Cir.1982). Moreover, we require that the party objecting to jurisdiction in the first-filed forum carry the burden of proving "compelling circumstances" to warrant an exception to the first-filed rule. *Id.*"

"The first to file rule not only determines which court may decide the merits of substantially similar issues, but also establishes which courts may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Ass Armor, LLC et al. v. Under Armour, Inc.*, Case No. 15-20853-CIV-COOKE/TORRES (S.D. Fla. May 7, 2015) citing *Cadle Co. v. Whataburger of Alice, Inc*., 174 F.3d 599, 606 (5th Cir. 1999) (internal quotation marks omitted). Courts applying this rule generally agree "that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Id*.; *see e.g. Perkins v. Am. Nat. Ins. Co*, 446 F. Supp. 2d 1350, 1353 (M.D. Ga. 2006) (The court where the subsequently filed action has been filed should defer to the court where the first action was filed).

3

When the first-filed rule is applicable, a district court may elect to stay, transfer, or dismiss a duplicative later-filed action. District courts have the inherent power to stay litigation pending the outcome of a related proceeding in another forum. Orders staying litigation are inherently discretionary, and stay orders are generally only overturned when they are "immoderate" and "of an indefinite duration." *CTI-Container Leasing Corp. v. Uiterwyk Corp*, 685 F.2d 1284, 1288 (11th Cir. 1982). In applying the first-filed rule, Judges are afforded "'an ample degree of discretion.'" *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip, Co*., 342 U.S. 180, 183-84 (1952)). In order to overcome the presumption favoring the forum of the first-filed suit, the objecting party must "carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *Manuel*, 430 F.3d at 1135 (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982)).

As stated in *Haynes v. Outback Steakhouse of Florida, LLC*, Case No. 0:17-CV-60851-MIDDLEBROOKS (S.D. Fla. August 17, 2017 at *3):

> "The Eleventh Circuit subscribes to the first-to-file rule. That rule provides that "[where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption . . . that favors the forum of the first-filed suit." *Manuel* v. *Convergys Corp.,* 430 F.3d 1132, 1135 (11th Cir. 2005). Courts look to three factors to determine whether cases proceeding in different forums sufficiently overlap to trigger the doctrine. These are "(1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues." *Laskaris* v. *Fifth Third Bank,* 962 F. Supp. 2d 1297, 1299 (S.D. Fla. 2013) (King, J.) (citation omitted). Once the presumption applies, the later-filing plaintiff can rebut it only by demonstrating "compelling circumstances to warrant an exception" to the rule. *Manuel,* 430 F.3d at 1135 (citation omitted). If the presumption holds, the district court can either stay, dismiss, or transfer the second-filed case to the forum in which the first-filed action is pending. *Futurewei Tech., Inc.* v. *Acacia Research Corp., 737* F.3d 704, 709 (Fed. Cir. 2013)."

4

### THIS ACTION WAS FIRST-FILED, THE DEFENDANT IS THE SAME IN BOTH ACTIONS, AND THE RELIEF SOUGHT IN BOTH ACTIONS IS IDENTICAL

This action was undeniably filed prior to the filing of the Second-Filed Action. Likewise, the Defendant is the same in both proceedings. The relief sought, an injunction requiring Defendant's reservation system for its Hotel to comply with 28 CFR § 36.302(e), not only overlaps but is identical in both actions. Based upon the foregoing, there are no "compelling circumstances to warrant an exception" to the first-to-file rule in this action.

WHEREFORE, Plaintiff requests that the Second-Filed Action be dismissed or stayed pending the resolution of this action, in addition to such other and further relief as may be just and proper.

### CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION[2]

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

Dated: June 7, 2018

>s/Drew M. Levitt
>DREW M. LEVITT, ESQ.
>Florida Bar No. 782246
>DML2@bellsouth.net
>LEE D. SARKIN, ESQ.
>Florida Bar No. 962848
>lsarkin@aol.com
>4700 N.W. Boca Raton Boulevard
>Suite 302
>Boca Raton, Florida 33431
>Telephone (561) 994-6922
>Facsimile   (561) 994-0837
>Attorneys for Plaintiff

---

[2] Defense counsel has not yet appeared in this action or in the Second-Filed Action. Plaintiff's counsel has conferred, as discussed above, with plaintiff's counsel in the Second-Filed Action, however Mr. Cullen refused to dismiss the Second-Filed Action.